UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>                      Plaintiff,<br>v.<br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>                      Defendants. | Case No. 2:17-cv-00074-JCM-PAL<br><br>**ORDER**<br><br>(Jt. Mot Stay – ECF No. 18) |

Before the court is the parties' Joint Motion to Stay Litigation (ECF No. 18). The matter was referred to me pursuant to LR IB 1-7 of the Local Rules of Practice. The motion was filed jointly by plaintiff JPMorgan Chase Bank, N.A., defendant SFR Investment Pool 1, LLC, and defendant Rancho Las Brisas Master Homeowners Association. On March 8, 2017, defendant Fidel Pajarillo filed an Objection (ECF No. 19). For the reasons explained below, the Joint Motion (ECF No. 18) is denied.

The Complaint (ECF No. 1) in this case was filed January 9, 2017. It is a quiet title action arising out of a non-judicial foreclosure sale of real property commonly described as 4856 La Cumbre Drive in Las Vegas, Nevada. The property was purchased by Defendant Pajarillo in 2005. Pajarillo obtained a loan which was secured by a first deed of trust. He allegedly defaulted on a loan and the property was sold in an HOA foreclosure sale in 2012 and purchased by SFR for $16,600.00. The prayer for relief seeks a declaration and determination that SFR's interest in the property is subject to plaintiff's deed of trust. In the alternative, plaintiff seeks an award of damages against SFR for all payments advanced by Chase after the HOA sale to maintain and preserve the property including amount advanced for taxes and insurance, and costs and attorney's fees. Pajarillo answered the complaint on January 23, 2017. Defendant Rancho Las Brisas Master Homeowners Association answered on January 31, 2017, and defendant SFR filed a demand for

1

security of costs on February 2, 2017. The certificate of cash deposit was filed February 10, 2017, after the district court granted SFR's demand for security of costs.

The joint motion to stay requests a stay of all proceedings in this case pending petitions for writs of certiorari before the United States Supreme Court in *Bourne Valley Court Trust v. Wells Fargo Bank,* 831 F 3d 1154(9th Cir. 2016) and *Saticoy Bay, LLC v. Wells Fargo Home Mortgage*, 133 Nev. Adv. Op. 5 (2017). If a stay is granted the moving parties agree to submit a status report every 90 days.

Pajarillo, who is appearing pro se, filed an objection indicating he objected of the characterization of this case as a quiet title action arising from a foreclosure sale and the statement that Rancho Las Brisas conducted a sale pursuant to the provisions of NRS 116. However, he does not object to a stay.

The parties assert that a stay will 1) avoid the cost and expense of continued legal proceedings in light of unsettled law, 2) save the resources of the court and the parties, and 3) promote the orderly course of justice by avoiding the need to move forward without a final resolution of the federal issues and the state court/federal court conflict. The stipulation also points out that several judges in this district have stayed HOA cases pending exhaustion of these two appeals.

This is one of hundreds of cases pending in this court arising out of HOA foreclosures. The parties in these cases have requested serial stays of proceedings while various decisions were under submission to the Nevada Supreme Court or Ninth Circuit. In a series of motions and stipulations for stay, counsel for the parties have repeatedly assured the court that a decision in a case under submission was potentially dispositive of all the parties' claims and defenses. Stays have been requested based on similar arguments that the law is unsettled, that judicial decisions in state and federal courts are in conflict, and that resources will be saved if the court stays the case until the most recent case under submission is decided. Although numerous stays have been granted over the past several years based on these arguments, the stays have not accomplished their stated objectives. To the contrary, the series of stays entered awaiting decisions by the Nevada Supreme Court and/or Ninth Circuit have only resulted in more litigation and requests for

enlarging or reopening discovery on new claims and theories. The evolving case law has generated more rather than less litigation and expenditure of resources.

Staying cases congests the court's docket. When cases are not resolved in a timely manner, the court's docket increases exponentially because cases are not closed and new filings continue to increase. The court's experience in these HOA foreclosure cases is that stays only kick the can down the road.

The court is fully aware that a number of district judges in this district have stayed most or all of their HOA foreclosure cases pending a decision on whether the Supreme Court will grant or deny certiorari in *Bourne Valley* and *Saticoy Bay*. Those district judges have entered orders in all of their cases. However, the district judge assigned to this case referred this motion to the undersigned.

Having reviewed and considered the matter, and for the reasons explained,

**IT IS ORDERED** that:

1. The Joint Motion to Stay Litigation (ECF No. 18) is **NOT APPROVED** and is **DENIED**.
2. The following discovery plan and scheduling order deadlines shall apply.
    a. Last date to complete discovery: **October 4, 2017**.
    b. Last date to amend pleadings and add parties: **July 6, 2017**.
    c. Last date to file interim status report: **August 5, 2017.**
    d. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **August 5, 2017.**
    e. Last date to disclose rebuttal experts: **September 4, 2017.**
    f. Last date to file dispositive motions: **November 3, 2017.**
    g. Last date to file joint pretrial order: **December 4, 2017**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.
3. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

///

4. Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be received no later than **September 13, 2017,** and shall fully comply with the requirements of LR 26-4.

DATED this 7th day of April, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE